**IT IS ORDERED as set forth below:**



Date: March 28, 2017

_____

W. Homer Drake
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| CHARLES DANIEL BOYD, | : | BANKRUPTCY CASE |
| Debtor. | : | 16-12053-WHD |
| _____ | : | |
| | : | |
| GA CAPITAL RECOVERY, LLC, | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | NO. 17-1006 |
| | : | |
| v. | : | |
| | : | |
| CHARLES DANIEL BOYD, | : | IN PROCEEDINGS UNDER |
| Defendant. | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |

**ORDER**

Before the Court is the Debtor's Motion for Summary Judgment, filed by Charles Daniel Boyd (hereinafter the "Debtor") in the above-styled adversary

proceeding. The Debtor's motion arises in connection with the complaint of GA Capital Recovery, LLC (hereinafter the "Plaintiff"), contesting the dischargeability of a debt pursuant to § 523(a)(2) of the Bankruptcy Code.[1] The Debtor's motion seeks to have the Plaintiff's complaint dismissed as untimely. This is a core proceeding, *see* 28 U.S.C. § 157(b)(2)(I), over which this Court has subject matter jurisdiction, *see* 28 U.S.C. §§ 157(a), 1334.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056. Concerning the instant motion, the parties do not contest any of the underlying facts of this proceeding. Accordingly, neither party has found it necessary to submit a statement of material facts as required by this Court's Local Rules. *See* BLR 7056-1(a). Instead, the parties focus only on the issue of whether the complaint initiating this adversary proceeding is timely. Therefore, the only facts of which the Court needs to take note are dates readily discernible from the dockets of this proceeding and the

---

[1] The Court notes that the complaint purports in its introductory paragraph to be brought pursuant to § 523(a)(2)(A), (a)(4), and (a)(6), but its single count and prayer for relief refer only to § 523(a)(2)(A).

2

underlying Bankruptcy case. *See Sciortino v. Gwinnett Cty. Dep't of Water Res. (In re Sciortino)*, 561 B.R. 260, 271 (Bankr. N.D. Ga. 2016) (Ellis-Monro, J.) ("[T]he court can take judicial notice of its own docket…."). If the Court determines that the Plaintiff's complaint is untimely, then the Court will grant the Debtor's motion and dismiss the proceeding, as there could be no genuine issues of material fact in that circumstance. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

**Discussion**

With one exception not relevant to this proceeding, Bankruptcy Rule 4007(c) requires that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). Section 523(c) concerns debts "of a kind specified in" § 523(a)(2), (4), and (6). 11 U.S.C. § 523(c)(1). In the instant proceeding, the Plaintiff contests the dischargeability of a debt pursuant to § 523(a)(2), so the complaint is subject to the time limit of Rule 4007(c).

The first date set for the meeting of creditors in the Debtor's Bankruptcy case was November 18, 2016. (Notice of Meeting of Creditors, Case No.

3

16-12053-whd, Doc. No. 6). Applying the procedures for calculating time found in Rule 9006(a), the deadline to file the complaint was January 17, 2017. *See* Fed. R. Bankr. P. 9006(a)(1) ("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").[2] Notwithstanding this deadline, the complaint was filed on January 18, 2017— one day late.

The Debtor filed the instant motion for summary judgment on February 16, 2017. As noted above, his sole basis for seeking summary judgment is that the Plaintiff did not file its complaint on time. In response to the Debtor's motion, the Plaintiff seeks to explain this failure. According to the allegations in the Plaintiff's

---

[2] In its response to the Debtor's motion, the Plaintiff argues that the correct day to begin computing the time was November 18, 2016, as the Plaintiff is "entitled to 60 days after the creditor's meeting." (Doc. No. 8, at ¶ 5). This is not correct. The rules already account for the time to run "after" the meeting of creditors, as "the day of the event that triggers the period" is excluded from the sixty-day count. *See* Fed. R. Bankr. P. 9006(a)(1)(A). To conclude that the time begins to run on the day after the event *and* that the first day should be excluded would add a day to the time limit, an outcome that the Rules clearly do not require.

response, the Plaintiff's counsel mailed the complaint by overnight mail with the United States Postal Service (hereinafter "USPS") on Friday, January 13, 2017. USPS then confirmed that it delivered the complaint to the Court on Tuesday, January 17, 2016 (Monday, January 16, 2017, was Martin Luther King, Jr. Day). However, that confirmation was incorrect—the complaint had not been delivered on the 17th, and was instead delivered the next day, the 18th. Consequently, the complaint did not reach the Court, and thus was not filed, until January 18, 2017.

The Plaintiff acknowledges that it filed its complaint outside of the time allowed by Rule 4007(c). However, it asserts that the Court should excuse the late filing and retroactively enlarge the time to file the complaint pursuant to Bankruptcy Rule 9006(b). In its general application, Rule 9006(b) empowers a court to allow an act to be done outside the period in which it "is required or allowed to be done…on motion made after the expiration of the specified period…where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). However, this rule is subject to key restrictions, one of which is that "[t]he court may enlarge the time for taking action under…[Rule] 4007(c)…only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3). Rule 4007(c) allows a court to extend the time to file complaints, but expressly demands that "[t]he

5

motion [to extend] shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c). This is a strict rule which this Court is bound to follow. As the Eleventh Circuit has held, "The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made before the running of that period." *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988) (per curiam) (footnote omitted). Therefore, the Court cannot retroactively enlarge the time to file the complaint pursuant to Rule 9006(b).

Neither can the Court excuse the late filing by exercising equitable power, even assuming that the Plaintiff's allegations concerning the mailing of the complaint and USPS's mistake are true.[3] While in some situations the courts of this district have used equitable principles to allow late-filed complaints, the situation here does not fall in that category. *See In re Markowitz*, 2015 WL 2123916, at *3 (Bankr. N.D. Ga. Apr. 29, 2015) (Ellis-Monro, J.) (citing *United Cmty. Bank v. Harper (In re Harper)*, 489 B.R. 251, 258-59 (Bankr. N.D. Ga. 2013) (Drake, J.)). Indeed, it has been consistently held that "[a] party who seeks to commence an

---

[3] *See generally McCaskill v. Ray*, 279 F. App'x 913, 915 (11th Cir. 2008) (per curiam) (declining to consider unsworn statements when resolving motion for summary judgment).

6

adversary proceeding objecting to discharge by mail does so at its own risk as to the date of the commencement of the proceeding." *Fugate v. Pack (In re Pack)*, 252 B.R. 701, 707 (Bankr. E.D. Tenn. 2000); *see also Citibank (South Dakota), N.A. v. Dishman (In re Dishman)*, 257 B.R. 780, 783 (Bankr. E.D. Va. 2000) ("[T]he court has no discretion to take judicial notice of weather conditions, filer's intent, nor the adequacy, appropriateness, and reasonableness of mailing procedures, given the applicable statutory authority set forth in the Code and Rules, which are further reinforced by binding and persuasive case law.").

Because the complaint was filed outside of the time allowed by Rule 4007(c), and neither the Rules nor equitable considerations allow retroactive enlargement of that time, the Court will dismiss the Plaintiff's complaint as untimely. The Court acknowledges that this is a harsh result, but harsh results are the price paid for the benefits deadlines provide. *See generally Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that the Debtor's Motion for Summary Judgment is **GRANTED**. The Plaintiff's complaint is

**DISMISSED** in its entirety.

The Clerk is **DIRECTED** to serve this Order on the Debtor, the Plaintiff, their respective counsel, and the Chapter 7 Trustee.

**END OF DOCUMENT**